Johh J. McCall, J.
Defendant moves to dismiss the indictment as defective on its face at a stage preliminary to the second trial of the defendant on the same indictment. Prior to the first trial, defendant made exactly the same motion. It was denied then, with said denial being affirmed in the Appellate Division and by the Court of Appeals. The latter tribunal, in sending the case back for a new trial directed the trial be had as to the second count of the indictment. The denial of the motion to dismiss was before the highest court at the time of the reversal of the main judgment (18 N Y 2d 405).
Defendant relies on People v. Nitzberg (289 N Y 523) as support for his contention his motion lies anew. Appropriate language in that case is as follows. “ The right to challenge *116 the sufficiency of an indictment may be lost where the finding of guilt by the trial jury gives the same or greater assurance against oppression and persecution as an indictment based on sufficient evidence is intended to give before trial” (p. 530). Continuing the court said when ‘ ‘ A judgment of conviction which has been reversed and a new trial granted * * * furnishes no such assurance.” All this means is that a defendant should not forfeit his right to attack any indictment because of a reversed conviction. The right to make the motion is lost upon the judgment and revived upon a reversal. This reasoning has no application here. This defendant lost no right by conviction for he had already exercised it. Affirmance or reversal had no effect on his status whatsoever. The conviction could not take away the day in court he had already enjoyed. True, he did not prevail but that is not the test. He had his opportunity to prevail if he could make out his case. In this regard, he has fully exhausted his remedies including final appeal. The granting of a new trial does not create the right anew. Statements of law that an indictment can be still attacked after reversal should be viewed in context. If the motion never has been made before conviction it might now be made. If it has been once made it cannot be thereafter. Motion denied.